**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4377

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JENNIFER NICOLE MANLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:22-cr-00065-CCE-1)

Submitted:  May 18, 2023                                    Decided:  May 22, 2023

Before NIEMEYER, RICHARDSON, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Craig M. Cooley, COOLEY LAW OFFICE, Cary, North Carolina, for Appellant.  Ashley E. Waid, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jennifer Nicole Manley pled guilty to health care fraud, in violation of 18 U.S.C. § 1347. The district court sentenced her to 18 months' imprisonment and ordered her to pay $68,217.80 in restitution. Manley appeals. Counsel for Manley has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but advising that Manley's post-conviction attorney plans to challenge the loss and restitution amounts. Manley has filed a pro se supplemental brief contesting the sufficiency of the evidence, the loss and restitution amounts, and the effectiveness of trial counsel. We affirm.

Manley first challenges the sufficiency of the evidence. "A knowing, voluntary, and intelligent guilty plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction." *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993). Our review of the record convinces us that the district court fully complied with Fed. R. Crim. P. 11 in accepting Manley's guilty plea and that Manley entered her plea knowingly and voluntarily. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991) (explaining Rule 11 requirements). Moreover, we find that Manley's guilty plea was supported by a sufficient factual basis. *See* Fed. R. Crim. P. 11(b)(3). By pleading guilty, Manley has relinquished her right to challenge to the sufficiency of the evidence. *See Willis*, 992 F.2d at 491.

We review Manley's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We first ensure that the court "committed no significant procedural error," such as improperly calculating the

2

Sentencing Guidelines range,* failing to consider the 18 U.S.C. § 3553(a) factors, or inadequately explaining the sentence. *United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014). If we find the sentence procedurally reasonable, we also review its substantive reasonableness under "the totality of the circumstances." *Gall*, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). We presume that a within-Guidelines sentence is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Manley bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Our review of the record convinces us that Manley's sentence is both procedurally and substantively reasonable. The district court properly calculated the applicable advisory Guidelines range, considered the parties' sentencing arguments, and adequately explained its reasons for the sentence imposed. Manley fails to rebut the presumption of substantive reasonableness accorded her within-Guidelines sentence. *Id.*

Manley asserts that her attorney provided ineffective assistance. Claims of ineffective assistance of counsel may be raised "on direct appeal if and only if it conclusively appears from the record that . . . counsel did not provide effective assistance." *United States v. Martinez*, 136 F.3d 972, 979 (4th Cir. 1998). Our review of the record

---

* To the extent that Manley challenges the loss and restitution amounts found by the district court, she failed to raise any objection in the district court, and we find no plain error. *See* Fed. R. Crim. P. 32(i)(3)(A) (providing that sentencing court "may accept any undisputed portion of the presentence report as a finding of fact").

reveals no conclusive evidence that Manley's counsel did not provide effective assistance. We therefore decline to review her ineffective assistance of counsel claim on direct appeal.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Manley, in writing, of the right to petition the Supreme Court of the United States for further review. If Manley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Manley. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*